**ENVIRONMENTAL DEFENSE FUND, INC., and Sierra Club, Plaintiffs,**

v.

**Gilbert STAMM, Commissioner, Bureau of Reclamation, and Billy Martin, Regional Director, Bureau of Reclamation, Defendants.**

**City of Gilroy, a Chartered Municipal Corporation, et al., Defendants-Intervenors,**

**Santa Clara Valley Water District, Defendant-Intervenor,**

**State of California ex rel. Resources Agency, Plaintiff-Intervenor.**

**No. C–75–1419 SAW.**

United States District Court, N. D. California.

April 26, 1977.

Thomas J. Graff, Berkeley, Cal., for plaintiffs.

Jeffrey M. Oderman, Collins, Hays, Stewart, Sanford & Latta, San Jose, Cal., for plaintiff Sierra Club.

Louise H. Renne, Deputy Atty. Gen., San Francisco, Cal., for State of Cal.

James L. Browning, Jr., U. S. Atty., by Charles M. O'Connor, Asst. U. S. Atty., San Francisco, Cal., for Federal defendants.

James Mc Keehan, Rhodes, Mc Keehan & Bernard, Fremont, Cal., for Santa Clara Valley Water Dist.

Robin L. Rivett, Pacific Legal Foundation, Sacramento, Cal., for City of Gilroy.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

WEIGEL, District Judge.

Plaintiffs Environmental Defense Fund, Inc. and Sierra Club are non-profit corporations concerned with ecological and environmental protection. Defendant Gilbert Stamm is Commissioner of the United States Bureau of Reclamation. Defendant Billy Martin is its Director for the Mid-Pacific Region which includes all of California north of Bakersfield. Plaintiff-intervenor is the Resources Agency of California re-

sponsible for administering the state water resources. Defendant-intervenors are various water districts and cities in Santa Clara and San Benito Counties of the State of California.

Plaintiffs seek to enjoin defendants from proceeding with a project involving conduits, dams and reservoirs to supply approximately 200,000 acre-feet of water annually for urban and agricultural use in Santa Clara, San Benito, Monterey and Santa Cruz Counties of the State of California. The project is known as the San Felipe Division of the federal Central Valley Project, the latter being a huge enterprise for preservation and use of water in California north of Bakersfield. The San Felipe Division would draw water from the Sacramento-San Joaquin Delta and transport it south either in the federally owned Delta-Mendota Canal (perhaps enlarged for the project) or in the state owned California Aqueduct. The water would be stored in O'Neill Forebay and the San Luis Reservoir, both located near the Pacheco Pass. Then the water would be transported through the proposed Pacheco Tunnel and a series of conduits to the recipient water districts which, in turn, would distribute the water to ultimate users. Part of the San Felipe Division calls for construction of the San Justo Dam and Reservoir near the town of Hollister. The magnitude of the San Felipe project is indicated, to some extent, by its estimated (and undoubtedly escalating) cost of $183,300,000.00.

The trial of the case has been concluded. The Court has weighed all the evidence adduced in support of and opposition to a judgment granting an injunction which would delay, if not forestall, the project.

At the outset, the role of the Court should be understood and emphasized.

It is not the Court's function to determine whether the public interest would be well or ill served by the project. All such questions are within the exclusive domain of the legislative and executive agencies of government which are empowered to decide them. The Court cannot substitute or interpose its views on those questions. The sole duty of the Court is to determine whether the applicable legal requirements have been met.

Plaintiffs urged three contentions as grounds for enjoining the project:

I. The Final Environmental Impact Statement (hereafter "FEIS") is inadequate.

II. Defendants have acted arbitrarily and capriciously.

III. Defendants have not coordinated their plans with state and local governments.

The Court finds all three contentions to be without merit.

■ Before considering plaintiffs' contentions, seriatim, a preliminary matter requires disposition. Defendants challenge plaintiffs' standing to sue. The challenge is not well taken. *Bowker v. Morton*, 541 F.2d 1347, 1349 (9th Cir. 1976). Each plaintiff has demonstrated that at least one of its members will suffer a particularized injury due to the San Felipe project and that that injury would be redressed by injunctive relief. *Warth v. Seldin*, 422 U.S. 491, 511, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The particularized injuries range from financial to recreational to aesthetic consequences.

I

The Final Environmental Impact Statement covering the San Felipe Division consists of a total of some 475 pages of text, charts, exhibits and illustrations. It was preceded by a Draft Environmental Impact Statement of some 175 pages.

Plaintiffs centered their attack upon four claimed inadequacies of coverage in the FEIS. 1. They attempted to show that the FEIS does not adequately consider the negative effects of the San Felipe project on the quality of water in the Sacramento-San Joaquin Delta. 2. Plaintiffs also introduced evidence intended to support their claims that the FEIS does not adequately discuss alternatives to the San Felipe project such as waste water reclamation and conservation. 3. Plaintiffs further

undertook to prove that the FEIS is deficient in dealing with seismic and safety problems relating to the San Justo Dam and Reservoir.[1] 4. Plaintiffs sought to establish that the FEIS failed adequately to consider the negative impact of increased irrigation return flows upon the Pajaro River, upon groundwater near it, and upon the fish in it.

 Plaintiffs do not claim that the FEIS fails to consider those four matters. Rather, they claim that the consideration is not sufficiently detailed. Examination of the FEIS proves otherwise and shows more than adequate coverage of the four matters.[2] The Court finds that the FEIS was, in all required respects, thorough and detailed, evidencing appropriate concern for the negative effects as well as risks of the project. 42 U.S.C. § 4332(2)(C); *see Trout Unlimited v. Morton,* 509 F.2d 1276, 1283–84 (9th Cir. 1974). The FEIS is supposed to enable decisionmakers to consider a project such as this one with full awareness of the environmental consequences. It also should provide the public with information and encourage public participation in developing that information. *Id.* at 1282. The FEIS in this case satisfies these requirements.

Plaintiffs challenged the FEIS on other, less emphasized, grounds. None merits extended discussion.

 Plaintiffs contended that the process of preparing the FEIS was defective because the Draft Environmental Impact Statement failed to discuss the alternative of using the existing Delta-Mendota Canal, without enlargement, as a vehicle for transporting the water south. Since this alternative was obvious from the beginning and since the final statement did discuss it, it is clear that the omission from the draft was insignificant. Moreover, the only significance claimed by plaintiffs related to impact upon the Westlands Water District. As will next be pointed out, plaintiffs' claims of impact upon that district were in the realm of speculation.

 Plaintiffs made a number of contentions which must be categorized as speculative. These included contentions that the FEIS is defective because it does not discuss the following possibilities: that the Westlands Water District, located in Fresno and Kings Counties, might have to reduce its dependence on the Central Valley Project for water by the amount that San Felipe will take; that Westlands cannot develop other water sources;[3] and that local water districts will not build distribution facilities. Plaintiffs presented no proof sufficient to take these possibilities out of the realm of speculation. *Id.* at 1283.

Other attacks made by plaintiffs upon the FEIS, such as a claimed failure to deal adequately with fish in the Trinity River, were not major. In any case, they were not supported by sufficient evidence to sustain plaintiffs' burden of proof.

The Final Environmental Impact Statement is a thorough and painstaking piece of work which deals adequately—indeed, comprehensively—with all environmental consequences required by law to be considered.

## II

 Plaintiffs have developed no convincing evidence to support their claim that defendants acted arbitrarily and capriciously.[4] As to the legal standards governing

1. While the evidence adduced by plaintiffs on this and other matters was insufficient to justify injunctive relief, some of the evidence should be useful in connection with further planning and execution of the project.

2. As to the Final Environmental Impact Statement's coverage of the following subjects, see the following pages: water quality in the Sacramento-San Joaquin Delta, pp. 98–103, 146, 196–203, 366, 404; alternatives to the project, pp. 13, 14, 42, 55–56, 104, 152–68, 171–72, 174–75, 303, 339, 419; seismic and safety problems relating to San Justo Dam and Reservoir, pp. 4, 15, 24, 97, 135; Pajaro River problems, pp. 62, 63, 75, 106, 107, 108, 110, 145, 365, 366, 457–58.

3. The Westlands authorities did not come forward to support plaintiffs' claims.

4. While plaintiffs did not expressly abandon this claim, they relied in support of it primarily, if not entirely, upon evidence offered in their attacks upon the FEIS.

this issue, see *Lathan v. Brinegar*, 506 F.2d 677, 692–93 (9th Cir. 1974).

III

■ The evidence affirmatively established that coordination between the defendants and the state and local governments has been thorough.[5] *See Environmental Defense Fund, Inc. v. Armstrong*, 352 F.Supp. 50, 58–59 (N.D.Cal.1972), *aff'd*, 487 F.2d 814 (9th Cir. 1973), *cert. denied*, 416 U.S. 974, 94 S.Ct. 2002, 40 L.Ed.2d 564 (1974).

---

In sum, plaintiffs have failed to prove that the Final Environmental Impact Statement is inadequate or that defendants have acted arbitrarily and capriciously or that defendants failed to coordinate with the appropriate state and local governments. The preponderance of the evidence was against plaintiffs as to all of these claims. Defendants are entitled to judgment.

The foregoing constitutes the findings of fact and conclusions of law in this case. Accordingly:

1. IT IS HEREBY ORDERED that the preliminary injunction issued on May 27, 1976, is dissolved; and

2. IT IS FURTHER HEREBY ORDERED that judgment shall be entered for defendants.

---

**5.** *See* Final Environmental Impact Statement at pp. 14–16, 23, 26, 29, 31, 32, 34, 37, 38, 47–52, 60–62, 64, 65, 67, 68, 74, 82–87, 92, 94, 96, 101, 103, 106, 107, 111–13, 116–18, 123, 125, 126, 129, 130, 132, 134, 136–37, 140, 142, 144, 152–56, 161, 162, 166, 168, 169, 171–72, 176, 177–83, 402, 423, 445.